

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0049-12

**ROBERT BRYANT, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### MIDLAND COUNTY

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, PRICE, WOMACK, KEASLER, HERVEY, and COCHRAN, J.J., joined. JOHNSON, J., dissented.

### O P I N I O N

In its petition for discretionary review, the State challenges the court of appeals's judgment in favor of appellant, Robert Bryant. *See Bryant v. State*, No. 11-10-00145-CR, 2011 Tex. App. LEXIS 7835 (Tex. App.—Eastland Sept. 29, 2011) (not designated for publication), *rehearing denied by, opinion withdrawn by, substitute opinion at* 355 S.W.3d 926 (Tex. App.—Eastland 2011). The court of appeals held that the trial court abused its

discretion by revoking appellant's deferred-adjudication community supervision for failure to pay restitution and that appellant preserved this issue for appeal. *Bryant,* 355 S.W.3d at 932. The court of appeals applied former Texas Code of Criminal Procedure article 42.037(h), hereinafter called the "former restitution statute," which required that, "[i]n determining whether to revoke probation,"[1] a trial court "shall" consider five factors pertaining to a defendant's financial circumstances.[2] *See* former TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West 2000). We conclude that the court of appeals properly determined that appellant preserved his challenge and that the abuse-of-discretion standard of review applied to the trial court's decision to revoke community supervision, including its consideration of the defendant's financial circumstances. We, however, conclude that, by revoking appellant's deferred adjudication and placing appellant on regular community

---

[1]    At the time, community supervision was referred to as "probation."

[2]    The restitution statute effective when the trial court entered appellant's original restitution order in January 2000 stated,

> The court may revoke probation . . . if the defendant fails to comply with the order. In determining whether to revoke probation . . . the court or parole panel shall consider: (1) the defendant's employment status; (2) the defendant's earning ability; (3) the defendant's financial resources; (4) the willfulness of the defendant's failure to pay; and (5) any other special circumstances that may affect the defendant's ability to pay.

Former TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West 2000). The court of appeals observed that the current restitution statute, which applies to restitution orders entered on or after September 1, 2005, is unlike the former version, under which appellant's restitution was ordered, in that the current statute has a sixth factor, "the victim's financial resources or ability to pay expenses incurred by the victim as a result of the offense," and includes the words "current and future" in subsections (2) and (3). *Bryant*, 355 S.W.3d at 932 (citing Act of May 27, 2005, 79th Leg., R.S., ch. 969, §§ 1, 3, 2005 TEX. GEN. LAWS 3244) (codified at TEX. CODE CRIM. PROC. art. 42.037(h)).

supervision with the continued opportunity to fulfill the restitution obligation, the trial court did not abuse its discretion. Because the court of appeals erred by reversing the trial court's decision, we reverse the judgment of the court of appeals and render a judgment affirming the judgment of the trial court.

## I. Background

### A. Proceedings in Trial Court

Appellant was charged with misapplication of trust funds and received ten years' deferred-adjudication community supervision, a condition of which was payment of nearly $200,000 restitution.[3] Shortly before the expiration of appellant's supervision period, the State filed a motion to revoke, alleging only that appellant had failed to pay the full amount of restitution ordered. The remaining balance was approximately $164,000. Appellant pled not true.

The trial court held a hearing, at which the sole issue was appellant's ability to make the restitution payments. After introducing considerable evidence of appellant's financial straits, appellant's attorney argued that appellant had complied with all of the conditions of

---

[3]  The original community-supervision judgment ordered appellant to pay restitution "in equal monthly payments calculated by dividing the total amount of restitution . . . by the months of community supervision remaining after the defendant is released from confinement . . . unless otherwise directed by the Midland County Community Supervision and Corrections Department." The Department later entered a modified payment plan reducing his monthly payments from $2084.00 to $300.00 "due to [appellant]'s financial hardship," but expressly stated that appellant was "still obligated by court order to pay the total amount originally ordered . . . before the end of his probation term . . . ." The Department further indicated that the modified payment plan would "be reviewed yearly, and should [appellant]'s financial condition improve, the payment [would] be revised to better reflect the true amount owed by [appellant] in this cause." The record does not reveal that the plan was ever again modified.

his community supervision, except for paying restitution that he was financially unable to pay. Amidst the exchange between the trial judge and the parties, the judge made the following comment: "If it were fees owed to probation, there would not be a problem. But this is restitution to a victim. That's the Court's problem, that I can't waive." Defense counsel responded, "It's not a waiver, because the judgment is there." The trial court adjudicated appellant's guilt and sentenced him to regular community supervision under the term of two years' confinement, probated for seven years. The Court's order expressly stated that this sentence was "an alternative to imprisonment" and was intended to serve "the ends of justice and the best interest of both the public and the defendant." The order also reduced appellant's monthly minimum restitution payments and waived other court costs and fees.

## B. Proceedings On Appeal

On direct appeal, the court of appeals rejected appellant's sufficiency challenge premised on a violation of his federal constitutional due-process rights, but reversed the trial court's judgment on the grounds that the trial court had abused its discretion in revoking his community supervision under the former restitution statute. *Bryant*, 355 S.W.3d at 931-33.

In finding the evidence sufficient, the court was unpersuaded by appellant's argument that the federal Constitution prohibits revocation of community supervision when a person is financially unable to make community-supervision payments, including restitution. *See id.* at 931. It explained that applicable Supreme Court precedent, *Bearden v. Georgia*, holds that imprisonment of a person who is unable to make court-ordered payments violates his

constitutional rights to due process and equal protection only when the trial court failed to consider the efficacy of alternatives to imprisonment. *See id.* at 930-31 (discussing *Bearden v. Georgia*, 461 U.S. 660, 673 (1983)). The court of appeals concluded that the trial court did not run afoul of *Bearden* in revoking appellant's deferred-adjudication community supervision because the trial court sentenced appellant to straight community supervision as an alternative to imprisonment. *Id.* at 931. The court noted that *Bearden* "imposes limits on revocation punishment where the probationer lacks the ability to pay, but makes no suggestion that such a revocation is impermissible." *Id.* (citing *Bearden*, 461 U.S. at 672).

The court of appeals sustained appellant's second issue, in which he argued that, under Texas statutory law, the trial court abused its discretion by revoking his community supervision because the evidence did not show that appellant was able to make the unpaid restitution payments. *Id.* at 932. In reaching its decision, the court of appeals applied the former restitution statute rather than article 42.12 § 21(c) of the Texas Code of Criminal Procedure, which appellant had argued applied. *Id.* at 931; *compare* former TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West 2000), *with* TEX. CODE CRIM. PROC. art. 42.12 § 21(c). Article 42.12 § 21(c), hereinafter called the "ability-to-pay statute," requires the State, in a revocation hearing, to prove by a preponderance of the evidence that the defendant was able to pay, and did not pay, compensation paid to appointed counsel, community-supervision

fees, or court costs as ordered by the judge.[4] *See* TEX. CODE CRIM. PROC. art. 42.12 § 21(c). Appellant acknowledged that the ability-to-pay statute mentions only revocations based on failure to make these specified payments, but suggested that it should be interpreted as also including revocations based on failure to pay restitution. Appellant argued that, although the statute does not specifically mention restitution, "there is a constitutional imperative that the defendant is not deprived of his liberty due to poverty" and, therefore, that it was necessary to construe the statute as requiring the State to prove that the defendant was able to pay restitution and did not. In support, he cited *Tate v. Short*, 401 U.S. 395, 397-98 (1971), in which the Supreme Court held that "imprisonment [of an indigent] for nonpayment constitutes . . . unconstitutional discrimination."

Agreeing with the State that the ability-to-pay statute does not govern restitution, the court of appeals determined that the restitution statute is the law applicable when a defendant challenges revocation based on failure to pay restitution. *Bryant*, 355 S.W.3d at 931. The court of appeals, however, determined that the trial court had failed to comply with the

---

[4]     Article 42.12 § 21(c) states,

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge. The court may order a community supervision and corrections department to obtain information pertaining to the factors listed under Article 42.037(h) of this code and include that information in the report required under Section 9(a) of this article or a separate report, as the court directs.

*See* TEX. CODE CRIM. PROC. art. 42.12 § 21(c).

former restitution statute. *See id.* at 932. The court held that the trial court had abused its discretion by revoking appellant's community supervision "without giving due consideration to the factors that, pursuant to the [former restitution statute], it 'shall consider.'" *Id.* The court of appeals observed that "[n]othing in the record reflects that [appellant] failed to pay or that he had the ability to pay more than the $300 per month that he faithfully paid every month for almost ten years."[5] *Id.* Citing the trial court's comment that it could not "waive" restitution, the court of appeals determined that the trial court failed to give "appropriate consideration" to the five factors listed in the former restitution statute. *Id.*

On motion for rehearing, the State argued that appellant had failed to preserve a restitution-statute claim because he did not advance that legal theory at the hearing. The court of appeals granted the State's motion and issued a new opinion, holding that appellant had preserved the issue. *Id.* at 931. The court of appeals explained that, although he did not use "magic words" or specifically cite the former restitution statute, appellant's evidence and arguments were sufficiently straightforward to communicate to the court that revocation was improper because he was financially unable to make restitution payments. *Id.* at 932. The court concluded that appellant had preserved the issue and maintained its judgment reversing the revocation order. *Id.* at 932-33.

---

[5]    The court of appeals found that the evidence was sufficient to show that appellant had failed to pay restitution as ordered by the trial court because, although he had regularly made his reduced monthly minimum payments, he had not paid the entire amount that had been ordered. *Bryant,* 355 S.W.3d at 930. The court of appeals found that the trial court had abused its discretion in revoking appellant's community supervision, however, because there was no evidence that appellant was able to pay the total amount due. *Id.* at 932.

In its petition for discretionary review, the State raises two issues: (1) appellant failed to preserve the restitution-statute issue by failing to expressly refer to that statute during the revocation hearing, and (2) if that issue was preserved, the trial court, by considering his financial circumstances in compliance with that statute, did not abuse its discretion in revoking appellant's community supervision.[6]

## II. Preservation of Error

In its first issue, the State argues that, at the revocation hearing, appellant raised only a "general defensive argument" against revocation based on his inability to pay, which "does not constitute an objection." The State explains that appellant was not specific enough to put the trial judge on notice of an alleged violation of the former restitution statute because his evidence and arguments about inability to pay "could have referred to the federal or Texas constitution or statute, or could have simply been a plea for equitable relief." In response, appellant echoes the court of appeals's analysis that preservation does not require "magic words" or citation to a specific statute. He argues that, because "the whole trial was based upon the inability to pay," the basis of his complaint was evident. Because appellant's

---

[6] The State's two issues ask,

1. Did the trial court's alleged failure to comply with Tex. Code Crim. Proc. art. 42.037(h), which mandates that a judge "consider" factors concerning an individual's ability to pay restitution, render the evidence insufficient to support its decision to revoke community supervision or is that alleged failure merely trial court error that must be preserved by objection?

2. Did the trial court fail to "consider" factors concerning Appellant's ability to pay restitution as required under Tex. Code Crim. Proc. art. 42.037(h)?

evidence and argument sufficiently apprised the trial court of the basis of his complaint, we agree with the court of appeals that error was preserved.

"The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). The former restitution statute required that the trial court "consider" a defendant's ability to pay restitution in determining whether to revoke community supervision when the violation alleged was failure to make that payment. *See* former TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West 2000). This issue was at the heart of appellant's revocation hearing.

The trial judge and prosecutor knew that appellant's inability to pay restitution was the sole basis of defense counsel's argument against revocation; they were well aware that appellant was urging consideration of his financial circumstances as described in the former restitution statute. *See Resendez*, 306 S.W.3d at 312; *Ford v. State,* 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). As the court of appeals correctly observed, although appellant "did not specifically cite [the former restitution statute], he presented evidence and has maintained throughout the proceedings that revocation was improper because he was unable to make the restitution payments." *Bryant*, 355 S.W.3d at 932. Further, "[a] party need not spout 'magic words' or recite a specific statute to preserve an issue" as long as the basis of his complaint is evident to the trial court. *Id*. at 931-32. Because the former restitution statute was the law

applicable to appellant's evidence and arguments that revocation was improper due to his inability to pay restitution, the court of appeals properly determined that his complaint was preserved for appeal. *Bryant*, 355 S.W.3d at 932. We overrule the State's first issue.

### III. Permissibility of Revocation for Failure to Pay Restitution

In its second issue, the State contends that the court of appeals erred in construing the former restitution statute as establishing an evidentiary standard for revocations based on failure to pay restitution rather than as setting forth a procedural requirement that the trial court consider a defendant's financial circumstances at a revocation hearing. The State argues that the record reveals that the trial court considered the statutory factors in compliance with the terms of the statute, which did not require that the court weigh the factors in any particular manner. *See* former TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West 2000). Appellant responds that the trial court failed "to make the necessary findings under the statute" as required by "a statute which uses the word[s] 'shall consider.'" He concludes that the court of appeals did not err in finding the evidence insufficient to support revocation under the statute. Because the parties dispute the meaning of the former restitution statute, it is necessary to construe that statute to determine the Legislature's intent with respect to a trial court's duties under these circumstances.

### A. Statutory Analysis

When interpreting statutes, a court must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782, 785

(Tex. Crim. App. 1991). Toward that end, a court must focus its "attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Id*. However, when application of a statute's plain language would lead to absurd consequences, or when "the language is not plain but rather ambiguous," a court may consider extratextual factors as such as legislative history of the statute. *Id*. at 785-86. In this context, ambiguity exists when a statute may be understood by reasonably well-informed persons in two or more different senses; conversely, a statute is unambiguous when it permits only one reasonable understanding. *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012).

The plain language of the former restitution statute permitted revocation for failure to pay restitution as long as the trial court considered certain factors pertaining to a defendant's financial circumstances. *See* former TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West 2000). The statute expressly stated that a court "may revoke probation" for a defendant's failure to comply with the restitution order. *Id*. It further provided that, "[i]n determining whether to revoke probation," the trial court "shall consider" a defendant's employment; earning ability; financial resources; willfulness of his failure to pay; and special circumstances. *Id*. The plain language, therefore, gave a trial court discretion to revoke a defendant's community supervision after the court had considered five factors related to the defendant's financial circumstances. *See id*. It required neither that the trial court render findings nor that revocations be conditioned on the quantity or quality of evidence adduced

as to the enumerated factors. Although treatment of revocation for failure to pay restitution has varied historically,[7] the Legislature plainly expressed its desire to grant the trial court increased discretion to revoke on that basis as compared to strict evidentiary requirements for revocations premised on non-payment of court costs, attorney compensation, and community-supervision fees. *See* TEX. CODE CRIM. PROC. art. 42.12 § 21(c) (prohibiting revocation if insufficient evidence that defendant was able to make those payments).

Having reviewed the plain language of the former restitution statute, we agree with the State that, as long as a trial court considers the factors in its decision whether to revoke a community supervision, a court is not required to weigh the factors in any particular manner. *See* former TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West 2000). But a trial court's discretion does have three limits. First, the State must prove at least one violation of the terms and conditions of community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Cardona*, 665 S.W.2d at 493-94. Second, an appellate court will

---

[7] Prior to 2007, Article 42.12 provided an affirmative defense to revocation that a defendant was unable to pay "compensation paid to appointed counsel, community supervision fees, court costs, restitution, or reparations." *See* former TEX. CODE CRIM. PROC. 42.12 § 8(c), am. Acts 1977, 65th R.S., ch. 342 (S.B. 32), §§ 1, 2, effective August 29, 1977. Under that version, evidence demonstrating inability to pay restitution precluded revocation on that basis. *Id*. In 2007, however, in addition to shifting to the State the burden of demonstrating a defendant's ability to pay certain court costs and fees, the Legislature deleted the term "restitution" from the statute. *See* TEX. CODE CRIM. PROC. 42.12 § 21(c), am. Acts 2007, 80th Leg., R.S., ch. 604 (H.B. 312), § 1, effective September 1, 2007. This reveals that, with respect to a defendant's failure to pay restitution, unlike other court-ordered payments, the Legislature intended to eliminate both the State's burden of demonstrating financial ability and the affirmative defense of inability to pay. Because appellant's revocation hearing was held after September 1, 2007, the former statute that made inability to pay restitution an affirmative defense is inapplicable. *See id.* § 2 ("The change in law made by this Act applies only to a community supervision revocation hearing held on or after the effective date of this Act.") and § 3 ("This Act takes effect September 1, 2007.").

review the trial court's decision for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (trial court's order revoking community supervision reviewed for abuse of discretion); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Third, federal due process requires that a trial court consider alternatives to imprisonment before incarcerating an indigent defendant who is unable to pay amounts due under community supervision. *Bearden*, 461 U.S. at 672.

## B. Trial Court Complied with the Former Restitution Statute

The record demonstrates that the trial court considered the statutorily enumerated factors in making its revocation determination in compliance with the former restitution statute. First, it heard extensive evidence regarding appellant's financial circumstances and his efforts to make the required payments. Second, the trial court's revocation order stated that, "after due consideration," the trial court had decided that it was in "the best interest" of appellant to place him on regular community supervision in lieu of imprisonment, expressly stating that this was "as an alternative to prison." Third, the trial court reduced appellant's remaining monthly minimum payments and waived certain fees that appellant had been ordered to pay. On this record, it is evident that the trial court carefully considered appellant's financial circumstances in rendering its ruling.

Finally, we note that it is unclear what the trial court intended by its comment that, because the payments were for restitution, it could not "waive" them. To the extent that this comment could be construed as suggesting that the trial court failed to consider appellant's

inability to pay, we do not find that this single comment outweighs the substantial evidence that the trial court did consider appellant's financial circumstances. *See Bryant*, 355 S.W.3d at 932.

We agree with the State that the record reveals that the trial court considered the statutory factors in compliance with the terms of the former restitution statute, which did not require that the court weigh the factors in any particular manner. *See* former TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West 2000). Because the record shows that the State proved that appellant violated at least one of the terms and conditions of his community supervision, the court of appeals erred by determining that the trial court abused its discretion in revoking appellant's community supervision. We note, however, that the court of appeals properly determined that appellant's federal due-process rights were not violated because, by sentencing appellant to straight community supervision as an alternative to incarceration, the trial court did not imprison him for his inability to pay. *See Bearden*, 461 U.S. at 672. We sustain the State's second issue.

## IV. Conclusion

We reverse the judgment of the court of appeals and render a judgment affirming the judgment of the trial court.

Delivered: October 24, 2012

Publish