

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00233-CR

Rachel D. **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 356114
Honorable Wayne A. Christian, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  October 30, 2013

AFFIRMED

In a single issue on appeal, Rachel D. Flores contends that the trial court abused its discretion when it revoked her community supervision without finding that her failure to pay fees, court costs, and restitution was willful.  We affirm the trial court's judgment.

BACKGROUND

Flores pled no contest to the offense of theft by check in the amount of $20 – $500 and was placed on deferred adjudication community supervision for six months.  After six months, the trial court extended her community supervision for one year.  Thereafter, the State filed a motion to

adjudicate guilt and to revoke Flores's community supervision alleging that she violated a condition of her community supervision by not making any payments towards court costs, supervisory fees, costs for court appointed counsel, a urinalysis fee, and restitution amounting to $2,311.05. Flores pled "true with an explanation."

At the hearing on the motion to revoke, Flores's probation officer testified that Flores had satisfied all of the conditions of her community supervision with the exception of the condition requiring payment. In response to the trial court's inquiry into her financial abilities, Flores testified that she had two disabled children and struggled to meet her financial obligations. Flores testified that she was unemployed, but she received income in the form of disability payments. After hearing this testimony, the trial court accepted Flores' plea of true and granted the State's motion. The trial court sentenced Flores to six months in the Bexar County Jail and assessed a $2,000 fine and court costs. The court granted Flores's request to participate in the Bexar County work release program.

### STANDARD OF REVIEW

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). "The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant violated a condition of his or her community supervision." *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (citing *Rickels*, 202 S.W.3d at 763–64). The trial court is the "sole judge of the credibility of witnesses and the weight to be given to their testimony." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). We must view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc).

**DISCUSSION**

Flores contends that the trial court abused its discretion when it granted the motion to revoke her community supervision absent any evidence that her failure to pay fees, costs, and restitution was willful. The State notes that if a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. Thus the State contends we can review the revocation based solely on the ground of Flores's failure to pay restitution, and that the trial court followed the statutory procedures for revocation on that ground.

The applicable statutes treat the revocation of community supervision based on a failure to pay restitution differently from revocation based on a failure to pay court costs and fees. The statute concerning court costs and fees (the "ability-to-pay statute") is applicable "[i]n a community supervision revocation hearing at which it is alleged *only* that the defendant violated conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs . . . ." TEX. CODE CRIM. PROC. ANN art. 42.12 § 21(c) (West Supp. 2012) (emphasis added). The State has the burden of proving by a preponderance of the evidence that the defendant was able to pay but did not do so. *Id*. However, the ability-to-pay statute is not applicable to a defendant's failure to pay restitution. The Court of Criminal Appeals has observed that statutory changes in 2007 reveal that "with respect to defendant's failure to pay restitution, unlike other court-ordered payments, the Legislature intended to eliminate both the State's burden of demonstrating financial ability and the affirmative defense of inability to pay." *Bryant v. State*, 391 S.W.3d 86, 93 n.7 (Tex. Crim. App. 2012).

The ability-to-pay statute is inapplicable to Flores as it was not alleged that her only violation of the community supervision order was failure to pay "compensation paid to appointed counsel, community supervision fees, or court costs." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12

§ 21(c) (West Supp. 2012). Rather, it was also alleged that Flores violated the community supervision order by failing to pay restitution. *See Henry v. State*, No. 01-09-00145-CR, 2009 WL 3491051, at*3 (Tex. App.—Houston [1st Dist.] Oct. 29, 2009, no pet.) (mem. op., not designated for publication) (ability-to-pay statute not applicable when State made allegations other than failure to pay fees listed); *Sierra v. State*, No. 03-08-00664-CR, 2009 WL 2902706, at*4 (Tex. App.—Austin Aug. 26, 2009, no pet.) (mem.op., not designated for publication) (not necessary to address failure to pay fees and costs when failure to pay restitution was proven).

Revocation of community supervision based on the failure to pay restitution is governed by TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West Supp. 2012) (the "restitution statute"). The trial court is granted "increased discretion to revoke [for failure to pay restitution] as compared to [the] strict evidentiary requirements for revocations premised on non-payment of court costs, attorney compensation, and community-supervision fees." *Bryant*, 391 S.W.3d at 93. The restitution statute grants the trial court discretion to revoke a defendant's community supervision after the court considers factors "related to the defendant's financial circumstances."[1] *Id*. "It require[s] neither that the trial court render findings nor that revocations be conditioned on the quantity or quality of evidence adduced as to the enumerated factors." *Id*. "[A]s long as a trial court considers the factors in its decision whether to revoke community supervision, a court is not required to weigh the factors in any particular manner." *Id*.

The Court of Criminal Appeals has observed three limits on the trial court's discretion: (1) the State must prove a violation of at least one condition of the community supervision; (2) the

---

[1] "In determining whether to revoke community supervision . . . the court . . . shall consider: (1) the defendant's employment status; (2) the defendant's current and future earning ability; (3) the defendant's current and future financial resources; (4) the willfulness of the defendant's failure to pay; (5) any other special circumstances that may affect the defendant's ability to pay; and (6) the victim's financial resources or ability to pay expenses incurred by the victim as a result of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West Supp. 2012).

trial court's decision must be reviewed for abuse of discretion; and (3) the trial court must consider alternatives to imprisonment before incarcerating an indigent defendant who is unable to pay amounts due under community supervision. *Id*.

Flores pled true to violating the community supervision order by failing to pay restitution. Thereafter, the trial court was only required to consider the six statutory factors to determine whether community supervision should be revoked. The record reflects that the trial court heard evidence upon which it could sufficiently consider each of the six statutory factors. Flores testified that although she was unemployed, she received income in the form disability payments. It was also established that during the eighteen months of community supervision, Flores had not attempted to make any payments towards the restitution. The record also reflects that the trial court considered the victim's perspective before making its ruling. Accordingly, the trial court did not abuse its discretion when it revoked Flores's community supervision for failure to pay restitution. *Compare Bryant*, 391 S.W.3d at 93–94, *with Velasquez v. State*, No. 11-10-00299-CR, 2012 WL 4849140, at*2 (Tex. App.—Eastland, Oct. 11, 2012, pet. ref'd) (mem. op., not designated for publication) (trial court abused discretion by only considering a plea of true to failure to pay restitution and not considering any of the statutory factors).

In addition, the record reflects that the trial court considered alternatives to imprisonment. The trial court had previously extended Flores's six month community supervision term by one year. *See Bryant*, 391 S.W.3d at 94. Moreover, the trial court granted Flores's request to participate in the work release program in lieu of a full incarceration.

## CONCLUSION

Because Flores has failed to show an abuse of discretion, the trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH