

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00497-CR

FRANCISCO ARTURO CERVANTES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B17682-0806, Honorable Edward Lee Self, Presiding

April 23, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The trial court revoked the community supervision of appellant Francisco Cervantes and sentenced him to a term of confinement in a state jail. He appeals the judgment revoking his community supervision. Finding no abuse of discretion, we will affirm.

Background

In November 2008, appellant plead guilty to the offense of evading arrest or detention. The trial court accepted his plea, and imposed a sentence of twelve months' confinement in a state jail and a fine of $500. The trial court suspended the sentence and placed appellant under an order of community supervision for three years.

In December 2009, the State moved to revoke appellant's community supervision on multiple grounds including failure to avoid injurious or vicious habits, failure to report to the community supervision department, failure to pay a fine and various fees, and failure to complete community service hours as ordered. After hearing the motion during April 2010, the court modified appellant's community supervision, extending the term for one year, confining appellant to the county jail for thirty days, and fining him $500.

During August 2012, the State again moved to revoke appellant's community supervision on the grounds that he committed a new offense, a theft, and failed to report to the community supervision departments in Hale County and in Lubbock County. After an August 2012 hearing, the trial court found all three of the State's grounds for revocation true, revoked appellant's community supervision, and imposed a sentence of confinement in a state jail for twelve months and a $500 fine. Appellant's motion for new trial was denied and this appeal followed.

Analysis

Through a single issue appellant asserts the trial court abused its discretion by revoking his community supervision. He divides his argument into three sub-issues.

Through his first and second sub-issues he asserts the trial court abused its discretion by finding true the first two alleged violations, those that he committed theft and failed to report in person to the community supervision department in Lubbock County.

In his third sub-issue, appellant does not dispute the trial court's finding that he twice failed to report to the Hale County community supervision department by mail. Rather, he argues that because the trial court should not have found the first two violations true, due process requires that we remand the case for the trial court's determination whether revocation is appropriate based only on the third violation, his failure to report by mail for two months.

"The only question presented in an appeal from an order revoking probation is whether the trial court abused its discretion in revoking the appellant's probation." *Lloyd v. State,* 574 S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978); *see Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) ("Appellate review of an order revoking probation is limited to abuse of the trial court's discretion") (quoting *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). A trial court abuses its discretion if its decision is so clearly wrong that it lies outside the zone of reasonable disagreement. *Wilkins v. State,* 279 S.W.3d 701, 703-704 (Tex. App.—Amarillo 2007, no pet.). A trial court does not abuse its discretion if a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid. *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). A preponderance of the evidence is "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels,* 202 S.W.3d at 763-764 (citing *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). *See also*

*Cano v. State,* No. 01-00-01210-CR, 2001 Tex. App. Lexis 6446, at *3-5 (Tex. App.—Houston [1st Dist.] Sept. 20, 2001, no pet.) (mem. op., not designated for publication) (affirming revocation of probationer's community supervision on sole ground that he twice failed to report to the community supervision supervisor as ordered).

The State argues the trial court did not abuse its discretion by finding the theft and failure-to-report in Lubbock County grounds true. We will not address those arguments because we find our resolution of appellant's third sub-issue is dispositive of the appeal. Appellant concedes the trial court did not abuse its discretion by finding that he twice failed to report by mail to the Hale County community supervision department, in violation of the community supervision order. We agree. The revocation hearing testimony of appellant's Hale County community supervision officer provided sufficient evidence of this fact.

Under well-settled law, a record showing the trial court properly found at least one alleged violation of the community-supervision order generally calls for affirmance of the trial court's order revoking community supervision. *Bryant v. State,* 391 S.W.3d 86, 93 (Tex. Crim. App. 2012) (citing *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)); *Sanchez,* 603 S.W.2d at 871; *Thompson v. State,* No. 07-13-00230-CR, 2014 Tex. App. LEXIS 2159, at *5 (Tex. App.—Amarillo Feb. 25, 2014, n.p.h.) (mem. op., not designated for publication). Appellant's approach would instead call for re-evaluation of the revocation order when an appellate court determines the trial court improperly found "true" some of the State's alleged violations,[1] thus substituting a

---

[1] Summarizing his argument, appellant explains in his brief "he is asking that this Court find that the evidence adduced at the revocation hearing was insufficient as to the

4

case-by-case analysis for the fixed standard currently in place. Beyond citations to authority holding that requirements of due process apply to revocation proceedings,[2] appellant does not cite authority that our adoption of his proposed procedure is constitutionally required, and we are aware of none. We decline the invitation to initiate such a change in settled standards for appellate review of judgments following revocation of community supervision.

We find the trial court did not abuse its discretion by revoking appellant's community supervision, even assuming for this discussion the determination rested solely on the State's third alleged violation, that appellant twice failed to report to the Hale County community supervision department by mail, in violation of his order of community supervision. We overrule appellant's issue, and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

allegations of theft and failing to report in person to Lubbock County, and to remand this cause to the trial court for determination of the proper disposition of Appellant's revocation proceeding, based only on a finding of true regarding the allegation of failing to report by mail to Hale County for two months."

[2] *See, e.g., Ex parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App. 2012) (affirming that revocation proceedings are judicial proceedings; abandoning case law referring to such proceedings as administrative).