

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MASON RAY SADLER, | § | |
| | | No. 08-12-00203-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 219th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Collin County, Texas |
| Appellee. | § | |
| | | (TC#219-81222-09) |
| | § | |

## **O P I N I O N**

Appellant Mason Ray Sadler appeals the trial court's decision to revoke his community supervision. Appellant raises two issues on appeal. We affirm as modified.

## BACKGROUND

In June 2009, Appellant pleaded guilty in Collin County, Texas[1] to one count of possession of a controlled substance, psilocin, of an aggregate weight between one and four grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). The trial court found Appellant to be indigent and appointed counsel. Pursuant to a plea agreement, the trial court deferred adjudication on the matter and placed Appellant on community supervision for two years. In July 2009, Appellant admitted he had been smoking marijuana daily and the trial court modified the

---

[1] As this case was transferred from our sister court in Dallas, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

conditions of his community supervision to include three days in jail and mandatory participation in a cognitive thinking program. In September 2009, after Appellant failed a drug test, the trial court again modified Appellant's community supervision, requiring Appellant to stay in jail for one week and participate in a substance abuse treatment program.

In March 2010, the State moved to adjudicate Appellant's guilt alleging multiple violations of the conditions of his community supervision. Appellant pleaded true to the allegations pursuant to an agreement that he receive a two-year extension of community supervision, serve 120 days in jail, and complete a drug court program in order to remain on deferred adjudication. In March 2011, Appellant failed a drug test and served seven days in jail as a condition of his community supervision. The trial court ordered Appellant to participate in the Substance Abuse Felony Punishment Facility (SAFPF) program. SAFPF administrators discharged Appellant from the program for behavioral problems after he spat in an officer's face, repeatedly kicked the windows of a van, and threatened to hurt himself and staff members. During his time in SAFPF, Appellant threatened suicide, threatened the lives of the judge and his supervision officer, and expressed his desire to be executed, stating that he would do anything to be put on death row.

The State subsequently petitioned the trial court to adjudicate Appellant's guilt. The trial court found Appellant to be indigent, appointed counsel, and ordered a competency evaluation. In December 2011, Appellant was determined to be incompetent to stand trial and the trial court ordered he be admitted to Terrell State Hospital for treatment. In April 2012, Dr. Mitchell Dunn certified that Appellant had regained his competence to stand trial through the use of medication. The State then moved to adjudicate Appellant's guilt.

At the revocation hearing in May 2012, Jane O'Brien, an adult supervision officer, and the

assistant director of the Collin County probation department, testified she became Appellant's supervision officer after he threatened to harm his previous supervision officer. She testified to Appellant's various violations of the conditions of his community supervision, including his failed urinalysis tests, failure to submit urinalysis samples for testing, failure to complete his required community service hours, and failure to complete the court-mandated treatment programs. Explaining that Appellant's mental illness and making bad choices while not taking medication or when attempting to self-medicate through the use of illegal substances contribute to his inability to complete his community supervision requirements, Ms. O'Brien recommended Appellant not be continued on community supervision. Ms. O'Brien worried if Appellant continued on community supervision without taking his medications or participating in the programs he needs, he would continue to self-medicate through drug use and would pose a threat to himself and others.

The trial court adjudicated Appellant's guilt, found ten of the State's allegations to be true, and sentenced Appellant to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The judgment included a statement that the cost of Appellant's court-appointed counsel, if any, would be taxed against him as court costs.

## DISCUSSION

In Issue One, Appellant claims error in the trial court's assessment of court-appointed attorney's fees as court costs. If a defendant has been found indigent and an attorney is appointed, a trial court errs by ordering the reimbursement of attorney fees absent evidence demonstrating a material change in the defendant's financial circumstances leaving him the financial resources to pay. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2009); TEX. CODE CRIM. PROC. ANN. art. 26.05 (West 2009). *See Mayer v. State*, 274 S.W.3d 898, 901 (Tex.App.—Amarillo 2008), *aff'd*,

309 S.W.3d 552, 553 (Tex.Crim.App. 2010).

The trial court twice found Appellant indigent, first before Appellant pleaded guilty and again prior to the revocation hearing. The State concedes, and we agree, there is no evidence in the record establishing a material change in Appellant's financial circumstances that would enable him to pay court-appointed attorney's fees. Appellant does not specify if or to what amount attorney's fees were taxed against him. This Court, on our own motion ordered a supplemental clerk's record to produce a bill of costs. The bill of costs includes an order to pay $425.50 in attorney's fees. Therefore, we modify the judgment by deleting the order that the cost of Appellant's court-appointed attorney be taxed against him and delete the $425.50 charge of attorney's fees from Appellant's bill of costs. *See Mayer* 309 S.W.3d at 557. Issue One is sustained.

In Issue Two, Appellant claims the trial court abused its discretion by adjudicating Appellant's guilt despite his inability to fully comprehend the requirements of his community supervision.

We review a trial court's revocation of community supervision for an abuse of discretion. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex.Crim.App. 2012). The State must prove at least one violation of the conditions of community supervision by a preponderance of the evidence. *Id. See also Hacker v. State,* 389 S.W.3d 860, 866 (Tex.Crim.App. 2013).

Appellant does not contest the trial court's findings regarding the violations of his community supervision, but rather argues he did not have the mental ability to fully comprehend his community supervision conditions. Appellant states he should have been continued on community supervision and provided mental health assistance instead of being sentenced to serve

4

time in jail, while simultaneously noting this could not have been done because Collin County lacks the programs and availability of services Appellant needs. Appellant does not challenge his mental competency at the time of the revocation or cite legal authority in support of his argument that a defendant's lack of understanding of the terms of community supervision preclude a court from revoking supervision upon violation of the terms. The State argues the record does not support Appellant's allegation he lacked the mental ability to comprehend the requirements of his community supervision and points to contradictory evidence in the record implying Appellant did understand his conditions. We agree. Appellant signed multiple documents through the course of his interactions with the trial court indicating he had been instructed on the requirements of his supervision. Appellant completed 70 of his 80 hours of required community service, indicating his ability to comprehend and perform his obligation to provide community service.

At the revocation hearing, Appellant did not present his mental inability to comprehend the requirements of his community supervision as a defense. Appellant's probation officer, Ms. O'Brien, testified that Appellant, "understands what he needs to do, [but] continues to make choices not to do it, which exacerbates his problem." We note that Dr. Dunn of Terrell State Hospital determined Appellant was competent to stand trial for purposes of the revocation hearing. Having reviewed the record, we find no indications an abuse of discretion occurred when the trial court adjudicated Appellant's guilt and sentenced him to ten years' confinement. *Bryant*, 391 S.W.3d at 93. Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed as modified.

GUADALUPE RIVERA, Justice

5

August 8, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)