WR-75,812-04
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/28/2015 12:11:17 PM
Accepted 10/29/2015 9:00:21 AM
ABEL ACOSTA
CLERK

## No. WR-75,812-04

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE COURT OF** |
| | § | |
| | § | **CRIMINAL APPEALS** |
| | § | |
| **MICHAEL SHAWN SADLER** | § | **OF TEXAS** |

RECEIVED
COURT OF CRIMINAL APPEALS
10/29/2015
ABEL ACOSTA, CLERK

### APPLICANT MICHAEL SADLER'S
### MEMORANDUM IN RESPONSE TO TRIAL COURT FINDINGS

COMES NOW Michael Shawn Sadler, Applicant in the above-styled and numbered cause, and submits this Memorandum in Response to the Trial Court's Findings.

### Introduction

1.      Applicant raised numerous claims of ineffective assistance of counsel both at the trial and appellate levels arising from his prosecution, conviction and appeal for the offense of murder.  This Court determined that the issues presented are cognizable and directed the trial court to: (1) require Applicant's trial and appellate counsel to respond to the claims; (2) appoint counsel for Applicant if indigent and if the court elects to hold a hearing; (3) make findings of fact and conclusions of law regarding the performance of trial and appellate counsel; and (4) make any additional findings of fact and conclusions of law deemed relevant and appropriate to the disposition of the writ application.

2.      The trial court appointed the undersigned counsel and conducted a live hearing in this matter on June 29, 2015.

**Memorandum in Response to Trial Court Findings**                                          **Page 1**

3. After the hearing and considering the proposed findings of fact and conclusions of law submitted by the parties, the trial court signed its findings of fact and conclusions of law on July 14, 2015, and filed them on July 20, 2015.

4. The district clerk filed the trial court's findings of fact and conclusions of law with this Court in a supplemental record filed on July 24, 2015.

**Erroneous Advice Regarding Plea Offer**

5. In Applicant's second ground, he alleges that trial counsel provided ineffective assistance by giving erroneous advice regarding a plea offer made by the State. Specifically, the State offered a 20-year plea offer for the lesser-included offense of manslaughter. Applicant contends that trial counsel erroneously advised him that manslaughter is an "aggravated" (*i.e.*, 3g) offense that would require him to serve one-half of his sentence before becoming eligible for parole. Applicant stated in his original application filed with the district clerk on January 14, 2015 that he "would have accepted the State's offer" but for counsel's erroneous advice. (Habeas Application at 9)

6. This Court has recognized that a habeas applicant has a valid ineffective-assistance claim due to erroneous advice regarding a plea offer if the applicant shows "a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused

to accept the plea bargain." *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

7.     Applicant testified at the live hearing that his trial counsel told him (erroneously) that manslaughter was an aggravated offense for which he would have to serve at least half his sentence before he would be eligible for parole. When presented with the proper information regarding the fact that manslaughter is not a 3g offense, Applicant testified that "it's a strong possibility" he would have accepted the plea offer but for counsel's erroneous advice. (Record of June 29, 2015 hearing at 22).

8.     The trial court made the following relevant findings (Findings Nos. 8, 9, 14, 15) regarding this claim:

- Applicant was on probation for possession of a controlled substance and there was a pending motion to revoke probation before the court.

- The State offered to reduce the charge from murder to the offense of manslaughter if Applicant would agree to twenty years incarceration, plus seven years incarceration in the possession of controlled substance case. As part of this offer, the sentences were to be stacked. The State does not dispute that it would have honored the plea offer.

- Applicant rejected the plea agreement with the understanding that he would have to serve at least one-half of his sentence before he would be considered for parole and he would have an additional seven-year sentence to serve on the controlled-substance case.

- Applicant testified at the hearing that he "would have considered" the State's plea offer had Mr. Walker advised him that manslaughter was not an aggravated offense under Article 42.12, § 3g of the Code of Criminal Procedure. **Applicant made no statement that there was a**

**reasonable probability he would have accepted the state's plea offer if he had received different legal advice**. Applicant insisted to Mr. Walker that he was innocent and Mr. Walker believed that he was not going to plead for that reason. There is no credible evidence that Applicant rejected the plea due to bad legal advice or that he would have accepted the plea offer if given different legal advice. (emphasis added)

.       9.      Regarding the last quoted finding (Finding No. 15), the trial court appears to have been fixated on Applicant's failure to quote the relevant case law cited above regarding the showing necessary to obtain habeas relief because of erroneous advice concerning a plea offer. Although Applicant did not recite the precise words employed by this Court in *Argent* or similar cases regarding his likelihood of accepting the plea offer had he been given sound advice, his testimony clearly established a reasonable probability that he would have accepted the offer if his attorney had given the correct information. *Cf. Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App. 2012) ("a party "need not spout 'magic words'" to preserve an issue for appellate review). In addition, he expressly stated in his original habeas application that he "would have accepted the State's offer" but for trial counsel's erroneous advice. (Habeas Application at 9).

10.    For these reasons, Finding No. 15 is not supported by the record.

11.    Based on the evidence presented, Applicant established that he received ineffective assistance of counsel because of counsel's failure to properly advise him that manslaughter is not a "3g offense" that would require him to serve a minimum

of half the agreed-upon sentence before becoming eligible for parole. Stated differently, Applicant established a reasonable probability that he would have accepted the manslaughter plea offer but for counsel's erroneous advice.

WHEREFORE, PREMISES CONSIDERED, Applicant Michael Shawn Sadler requests that the Court grant the relief requested in the writ application, and grant such other relief to which he may show himself justly entitled.

Respectfully submitted,


*/s/ Alan Bennett*
E. Alan Bennett
Counsel for Applicant
SBOT #02140700

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, TX 76710
Telephone: (254) 772-8022
Fax: (254) 772-9297
Email: abennett@slmpc.com

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of this document has been served by email on October 28, 2015 to counsel for the State, B.J. Shepherd, 220thda@gmail.com.


*/s/ Alan Bennett*
E. Alan Bennett