

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHRISTOPHER ELTON CAMPBELL, | § | No. 08-14-00119-CR |
| Appellant, | § | Appeal from the |
| v. | § | 432nd District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1234044R) |
| | § | |

## MEMORANDUM OPINION

This is a probation revocation case. Appellant Christopher Elton Campbell pleaded guilty to intoxication manslaughter, was convicted, and was placed on community supervision for ten years. As conditions of his community supervision, Appellant was required, in part, to not possess or consume alcohol, and to submit to continuous alcohol monitoring by wearing a SCRAM device.[1] The State subsequently moved to revoke Appellant's probation on the ground he possessed or consumed alcohol on February 22, 2013. After hearing, the trial court found that Appellant had consumed alcohol, revoked Appellant's community supervision, and assessed the

---

[1] "Secure Continuous Remote Alcohol Monitor." A SCRAM device is a bracelet worn by a defendant that continuously measures alcohol that is eliminated through the skin. *See e.g., Mathis v. State*, 424 S.W.3d 89, 92 n.3 (Tex.Crim.App. 2014); *Alvarez v. State,* No. 08-11-00160-CR, 2013 WL 1760809, at *1-2 (Tex.App. – El Paso April 24, 2013, pet. ref'd) (not designated for publication) (expert testimony about operations of a SCRAM bracelet).

original sentence of ten years' incarceration. On appeal, Appellant contends the trial court abused its discretion in finding he violated his probation by consuming alcohol. We affirm.[2]

At the revocation hearing, the State placed into evidence a report from the company monitoring the SCRAM device, without objection. That report detailed a "confirmed consumption" by Appellant on February 22, 2013. The State also presented expert testimony concerning the SCRAM device and the report's findings, again without objection. The expert testified at length about the monitoring report and concluded that Appellant had consumed alcohol on February 22, 2013.

Appellant notes, however, that the expert never saw him drinking, but merely interpreted the report, and acknowledged that a SCRAM device can sometimes give inaccurate readings. Appellant points out that he took the stand, denied he was drinking, and testified that he was working behind the bar that night and alcohol may have spilled on the SCRAM device, giving a false positive reading. Appellant also notes that his employer corroborated his testimony by stating that he was monitoring Appellant that night and Appellant did not consume alcohol while on the job. Appellant argues that this live testimony carries a greater evidentiary weight than the monitoring report and the testimony of the State's expert, and that consequently the trial court abused its discretion in finding that Appellant consumed alcohol in violation of his probation. We disagree.

To revoke probation, the State need prove a violation of a condition of probation only by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex.Crim.App. 2013); *Leonard v. State*, 385 S.W.3d 570, 576–77 (Tex.Crim.App. 2012); *Ex parte Doan*, 369 S.W.3d

---

[2] This case was transferred from the Fort Worth Court of Appeals, and we decide it in accordance with the precedent of that Court to the extent required by TEX. R. APP. P. 41.3.

205, 210 (Tex.Crim.App. 2012). In the probation-revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Hacker*, 389 S.W.3d at 865; *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex.Crim.App. 2006). We review the trial court's finding for an abuse of discretion. *Hacker*, 389 S.W.3d at 865; *Rickels*, 202 S.W.3d at 763; *see also Bryant v. State,* 391 S.W.3d 86, 93 (Tex.Crim.App. 2012); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). In doing so, we keep must in mind that the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Hacker*, 389 S.W.3d at 865; *Davila v. State*, 547 S.W.2d 606, 609 (Tex.Crim.App. 1977).

Apparently, the trial court disbelieved the testimony of Appellant and his employer that Appellant did not consume alcohol. Instead, the trial court gave weight to the report's findings and the expert's opinion that Appellant had consumed alcohol that evening. The expert testified at length that the SCRAM device was properly calibrated and correctly detected alcohol that evening. The expert also discounted the possibility of a false positive from an alcohol spill by carefully explaining how the graph in the report showing the alcohol content readings confirmed that the event was a consumption event rather than an "environmental" event. In particular, the State's expert explained how the graph in the report showed the gradual "step up" or bell curve concentration of alcohol that is indicative of the consumption of alcohol, rather than a sudden spike that would result from an outside alcohol spill or environmental event.

A trial court abuses its discretion only when its decision lies outside the zone of reasonable disagreement, is arbitrary or unreasonable, or is without reference to any guiding rules or principles. *Davis v. State,* 329 S.W.3d 798, 803 (Tex.Crim.App. 2010); *State v. Mechler,* 153

3

S.W.3d 435, 439 (Tex.Crim.App. 2005); *State v. Thomas,* 428 S.W.3d 99, 103 (Tex.Crim.App. 2014).   The mere fact that a trial court decided a matter within its discretionary authority differently than an appellate court would have resolved the matter does not demonstrate such an abuse.   *State v. Herndon,* 215 S.W.3d 901, 907–08 (Tex.Crim.App. 2007); *Howell v. State,* 175 S.W.3d 786, 792 (Tex.Crim.App. 2005).

Based on the record before us, we cannot say the trial court abused its discretion in finding Appellant violated his probation by consuming alcohol on February 22, 2013.   We conclude that the greater weight of the credible evidence supported the finding and was sufficient to create a reasonable belief that Appellant had violated a condition of his probation.   Accordingly, we overrule Appellant's point of error and affirm the trial court's judgment.

                                        STEVEN L. HUGHES, Justice

May 25, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)