# NO. 12-16-00059-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVONTA DESHON FOREMAN,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Davonta Deshon Foreman appeals the revocation of his community supervision, which was imposed after he was convicted for theft of property in an amount more than $1,500 but less than $20,000. In one issue, he contends that trial court abused its discretion by revoking his community supervision. We affirm.

## BACKGROUND

In April 2013, after Appellant pleaded guilty to theft, the trial court placed him on deferred adjudication community supervision for three years. The State subsequently filed an application to proceed to final adjudication on grounds that Appellant violated the conditions of his community supervision. In February 2014, Appellant pleaded "true" to violating the conditions of his community supervision. The trial court found Appellant guilty of theft and sentenced him to confinement for two years in a state jail facility, but suspended imposition of sentence and placed Appellant on community supervision for five years. Thereafter, the State moved to revoke Appellant's community supervision. In February 2016, Appellant pleaded "true" to several violations of his community supervision. The trial court revoked Appellant's community supervision for his failure to pay certain fees and restitution and sentenced Appellant to confinement for eighteen months in a state jail facility.

<strong><span style="font-variant:small-caps">Revocation of Community Supervision</span></strong>

In his sole issue, Appellant challenges the revocation of his community supervision. He contends that the revocation was based solely on his failure to meet his financial obligations, despite a lack of evidence that he was able to pay and willfully chose not to, as required by Texas Code of Criminal Procedure article 42.12, section 21(c). Appellant also argues that the trial court failed to consider the factors enumerated in article 42.037(h) of the Texas Code of Criminal Procedure.

**Facts**

The State alleged that Appellant failed to pay (1) a $60 monthly community supervision fee for June, July, September, and October 2015; (2) $20 in monthly court costs for May through December 2014 and January through October 2015; (3) $100 in monthly restitution for April through December 2014 and January through October 2015; (4) a $15 Substance Abuse Questionnaire (SAQ) fee for May 2014; (5) a $50 Crime Stoppers fee for February 2015; and (6) a $100 pre-sentence investigation (PSI) fee for August 2014. At the revocation hearing, Lamiya Prymus, a Smith County community supervision officer, testified that Appellant owed $5,334.83 in restitution.

Appellant testified that, when first placed on community supervision in 2013, he was unemployed for two to three months, but later obtained a job at a candy factory where he worked for six to eight months. Afterwards, he worked at Burlington Coat Factory for about three months. Approximately six months later, he worked at a temporary agency for "a month or two." Appellant subsequently worked at Tele Performance for around six months, but was fired when Tele Performance began conducting background checks. Appellant's testimony suggests that his last job ended approximately two and one-half to three months before the revocation hearing. Appellant explained that he completed employment applications and asked around about jobs, but could not get hired because of his background.

Appellant further testified that he had been residing with his father and had supported both his daughter and her mother. He explained that sometimes his parents assisted him financially. He testified that he reported to his community supervision officer, performed community service, and attended recommended classes. He admitted failing to pay full restitution and fees for community supervision, courts costs, the SAQ, Crime Stoppers, and the PSI. He also admitted associating with known criminals in violation of community supervision.

2

## Standard of Review

The trial court may revoke community supervision when a preponderance of the evidence supports at least one of the State's allegations that the defendant violated a condition of his community supervision. **Leonard v. State**, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). This burden is satisfied when the greater weight of the credible evidence, viewed in a light most favorable to the trial court's ruling, creates a reasonable belief that the defendant violated a condition of community supervision. **Rickels v. State**, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). We review a trial court's revocation of community supervision for abuse of discretion. **Id**. Abuse of discretion occurs when the trial court's ruling is so clearly wrong as to lie outside the zone of reasonable disagreement. **Cantu v. State**, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

## Article 42.12

In a revocation proceeding at which the state alleges only that the defendant violated the conditions of community supervision by failing to pay community supervision fees, court costs, or the costs of legal services, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the trial court. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2015). The statute does not apply to restitution. **Hood v. State**, No. 12-08-00366-CR, 2009 WL 4981459, at *2 (Tex. App.—Tyler Dec. 23, 2009, no pet.) (mem. op., not designated for publication).

In this case, the State did not solely allege failure to pay fees for community supervision, legal services, or court costs. Accordingly, section 21(c) does not apply and the State was not required to prove that Appellant was able to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c); *see also* **Hood**, 2009 WL 4981459, at *2. At the revocation hearing, Appellant admitted failing to pay fees and restitution as alleged in the State's motion to revoke, and Prymus's testimony established that Appellant had not paid restitution as ordered. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the State proved, by a preponderance of the evidence, that Appellant failed to pay restitution and other fees as ordered by the trial court. *See* **Leonard**, 385 S.W.3d at 576; *see also* **Rickels**, 202 S.W.3d at 764.

## Article 42.037

A trial court may revoke a defendant's community supervision for failure to comply with an order requiring payment of restitution. TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West

Supp. 2015). When deciding whether to revoke community supervision on this basis, the trial court shall consider (1) the defendant's employment status, current and future earning ability, and current and future financial resources; (2) the willfulness of the failure to pay; (3) special circumstances that may affect the defendant's ability to pay; and (4) the victim's financial resources or ability to pay expenses incurred as a result of the offense. *Id*. The trial court need not weigh the factors in any particular manner. ***Bryant v. State***, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012). There are three limitations on the trial court's discretion: (1) the State must prove at least one violation of community supervision; (2) the appellate court reviews the trial court's decision for abuse of discretion; and (3) due process requires the trial court to consider alternatives to imprisonment before incarcerating an indigent defendant who cannot pay amounts due under community supervision. *Id*.

During the revocation hearing, the trial court heard testimony that Appellant had been employed at various locations since being placed on community supervision, was twenty-three years old, and drove his own vehicle. Yet, in almost two years, Appellant had paid only $400 in restitution. Appellant admitted that he read the conditions of community supervision and knew what he needed to do, but still failed to comply with all the conditions required of him. He admitted making a conscious decision not to comply with the terms of community supervision. When the State previously moved to proceed with adjudication, the trial court gave Appellant another opportunity to succeed on community supervision. When doing so, the trial court reduced Appellant's total monthly restitution payment from $185 per month to $100 per month.

The trial court heard evidence that Appellant provides assistance to his child and her mother, resides with his father, has his own vehicle, has the ability to work, is able to obtain financial assistance from relatives, and made a conscious decision not to comply with the terms of community supervision. The trial court attempted leniency by giving Appellant two opportunities to comply with the conditions of his community supervision and reducing the monthly restitution fee. Given Appellant's failed attempts at community supervision, the trial court could have believed that an additional opportunity would be futile. Even after revoking Appellant's community supervision, the trial court did not sentence Appellant to the maximum term of confinement. *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2015). While the record does not contain evidence regarding the victim's financial resources, this is only one

4

factor to consider.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(h); *see also* ***Bryant***, 391 S.W.3d at 93. Under these circumstances, we conclude that the trial court sufficiently considered the statutory factors.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(h); *see also* ***Bryant***, 391 S.W.3d at 93.

**Holding**

The trial court did not abuse its discretion by revoking Appellant's community supervision.  Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] The record identifies Stephen Brooks and Walmart as the "victim" of the offense.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 20, 2016

### NO. 12-16-00059-CR

**DAVONTA DESHON FOREMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1598-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*