**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darnell PARKS, Defendant–Appellant.**

**No. 95–30187.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1996.

Decided July 9, 1996.

Robert H. Gombiner, Federal Public Defender, Tacoma, Washington, for defendant-appellant.

William H. Redkey, Jr., Assistant United States Attorney, Seattle, Washington, and Steve Merrival, Special Assistant United States Attorney, Tacoma, Washington, for plaintiff-appellee.

Before HALL and TROTT, Circuit Judges, and RAFEEDIE, District Judge.*

RAFEEDIE, District Judge.

Appellant Darnell Parks was sentenced to a term of forty-six months of imprisonment because he was a felon in possession of a firearm. On appeal, he argues that in calculating his criminal history category, the district court erred in assessing two points for his being under a term of Washington state legal financial obligation supervision. We agree and remand the case for resentencing.

---

\* The Honorable Edward Rafeedie, United States District Court Judge for the Central District of California, sitting by designation.

1. U.S.S.G. § 4A1.1(d) states that in calculating the criminal history category, the district court is to:

    Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

    The application note to the section states:

## I.

Parks pleaded guilty to a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the Presentence Report (PSR) calculated his base offense level as 20 and applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, for an adjusted offense level of 17.

The PSR assessed a criminal history category of V based on a total of ten criminal history points: hit and run (1987—1 point); unlawful possession of cocaine (1988—2 points); obstructing a public servant (1990—1 point); possession of marijuana (1991—1 point); second degree robbery (1991—2 points); possession of marijuana (1993—1 point).

The district court imposed Parks' ninth and tenth criminal history points pursuant to U.S.S.G. § 4A1.1(d) because he was under a sentence of legal financial obligation (LFO) when he committed his most recent offense.[1] As part of his sentences for the 1988 and 1991 convictions, he was to have paid in fines, costs and restitution $713 and $632, respectively. However, he was unable to pay these amounts immediately.[2] Pursuant to Washington state law, he was placed under a term of "legal financial obligation as part of the sentence." Wash.Rev.Code § 9.94A.145(*l*). The LFO sentence covers incurred fines, court costs, attorneys' fees recoupment, or restitution. An LFO term lasts until satisfied or for ten years "following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period is longer." Wash.Rev.Code § 9.94A.145(4). The LFO counts as a condition of the sentence, and failure to comply

For the purposes of this item, a "criminal justice sentence" means a sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this item to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included.

2. The record fails to disclose how much of the LFO amounts remain.

can result in the offender's being subjected to up to sixty (60) days confinement following a hearing. Wash.Rev.Code §§ 9.94A.145(10), 9.94A.200.

At the sentencing hearing, Parks argued that assessing him the extra two criminal history points violated his equal protection and due process rights, as his sentence was being enhanced simply because he had been unable to pay his fines and restitution immediately. The district court rejected his arguments without explanation.

A base offense level of 17 and a criminal history category of V under the 1994 Sentencing Guidelines yielded a sentencing range of forty-six to fifty-seven months. Had Parks been sentenced without the two criminal history points imposed for the LFO supervision, his criminal history category would have been IV, and the sentencing range would have been thirty-seven to forty-six months.

We have jurisdiction to hear this timely appeal of a sentence imposed for a federal conviction pursuant to 18 U.S.C. § 3742(a)(1). We review the district court's application of the Sentencing Guidelines de novo. *United States v. McCrudden,* 894 F.2d 338, 338 (9th Cir.) (per curiam), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1534, 108 L.Ed.2d 773 (1990).

## II.

■ We need not reach the issue of whether a LFO sentence constitutes a criminal justice sentence under U.S.S.G. § 4A1.1(d), because even if it does, the imposition of additional criminal history points for such a sentence, on the record before us and without a finding of willful failure to pay, violates the Due Process Clause of the Fifth Amendment.[3]

In *Bearden v. Georgia,* 461 U.S. 660, 672, 103 S.Ct. 2064, 2072–73, 76 L.Ed.2d 221 (1983), the Supreme Court held that a state could not revoke probation and thereby incarcerate a defendant based solely upon non-willful failure to pay a fine or restitution.

The Supreme Court carefully distinguished between willful and non-willful failures to pay fines. If the failure to pay was willful, a state could resort to "imprisonment as a sanction to enforce collection." *Id.* at 668, 103 S.Ct. at 2070. But if the defendant was making a reasonable, good faith attempt to pay the fine or restitution, it would be "fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available." *Id.* at 668–69, 103 S.Ct. at 2070–71.

We conclude that *Bearden*'s reasoning applies with full force to this case. If Parks had managed to save $1343 before being sentenced in his 1988 and 1991 convictions, he could have paid the fines, costs, and restitution of his state law sentences and avoided the terms of LFO altogether. Then he would have avoided the additional two criminal history points. Thus, despite the Sentencing Commission's admonition that socioeconomic status is "not relevant in the determination of a sentence," U.S.S.G. § 5H1.10, Parks may be receiving an additional eight months on this sentence due to poverty. Such a result is surely anathema to the Constitution. *See, e.g., Tate v. Short,* 401 U.S. 395, 397–98, 91 S.Ct. 668, 670–71, 28 L.Ed.2d 130 (1971) (noting that "petitioner's imprisonment for nonpayment constitutes unconstitutional discrimination since . . . petitioner was subjected to imprisonment solely because of his indigency").

The only difference between the situation in *Bearden* and the facts of this case is that rather than having probation revoked and being incarcerated, Parks had eight months of incarceration added to his sentence. We see no meaningful difference between having one's sentence extended for an additional eight months, versus having probation revoked and being incarcerated anew for eight months. In both instances, the prisoner is deprived of the same eight months of free-

---

**3.** Although earlier cases applied an Equal Protection analysis, *see, e.g., Williams v. Illinois,* 399 U.S. 235, 244, 90 S.Ct. 2018, 2023–24, 26 L.Ed.2d 586 (1970), in *Bearden v. Georgia,* 461 U.S. 660, 666 & n. 8, 103 S.Ct. 2064, 2069 & n. 8, 76 L.Ed.2d 221, the Supreme Court suggested that Due Process analysis is more appropriate.

dom, for the same reason of indigence.[4]

Notably, the record below is devoid of any inquiry into whether Parks' failure to pay the LFO debt was willful. In the absence of such a showing, the imposition of the additional two criminal history points, based solely on nonpayment, would be "fundamentally unfair." *Bearden,* 461 U.S. at 668, 103 S.Ct. at 2070.[5]

Nor does *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), sanction the differential treatment. Although *Williams* stated that "[t]he mere fact that an indigent in a particular case may be imprisoned for a longer time than a non-indigent convicted of the same offense does not, of course, give rise to a violation of the Equal Protection Clause," *id.* at 243, 90 S.Ct. at 2023, the case must be read in the context of subsequent cases.

To begin with, *Bearden* specifically identifies a class of cases in which the mere fact that indigents are imprisoned, but non-indigents would not be, is a violation of due process—namely, cases in which there has been no inquiry into the willfulness of nonpayment and the efficacy of less drastic measures. Where there has been willful nonpayment or where there are no effective less drastic measures, differential treatment would satisfy *Bearden,* and differential treatment of the indigent would be constitutionally acceptable. That situation is not present here.

 Moreover, *Williams* held "that the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status." *Id.* at 244, 90 S.Ct. at 2023–24. That holding has been violated in principle in this case. While the Sentencing Guidelines do not establish statutory maximums,[6] they do constrain the sentencing discretion of judges, just as statutory ceilings do. In this instance, the ceiling of the sentencing range for Parks was fifty-seven months, while it would have been forty-six months for a similarly situated non-indigent.

### III.

Accordingly, we hold that the application of U.S.S.G. § 4A1.1(d) in this case violates the fundamental fairness guaranteed by the Due Process Clause of the Fifth Amendment. On resentencing, the additional criminal history points based on the LFO sentence may be applied if and only if the district court finds by a preponderance of the evidence that Parks' failure to pays the fines, costs, and restitution of his earlier sentences was willful. Otherwise, Parks is to be resentenced without the additional two criminal history points.

**REVERSED and REMANDED.**

---

**4.** In *United States v. Ortiz,* 733 F.2d 1416, 1418 (10th Cir.1984), the Tenth Circuit concluded that *Bearden*'s requirements do not apply to a decision to extend probation, because probation was fundamentally different from incarceration. Since incarceration is involved here, *Ortiz* is not relevant.

**5.** Although this exact issue does not appear to have arisen in any other Circuits, the Fifth Circuit struck down a sentencing scheme whereby a defendant had to pay a fine immediately or suffer incarceration. *Frazier v. Jordan,* 457 F.2d 726, 728 (5th Cir.1972). That court reasoned that the sentencing scheme "create[d] two disparately treated classes: those who [could] satisfy a fine immediately upon its levy, and those who [could] pay only over a period of time, if then." *Id.* Because the state had no compelling reason for the disparate treatment, the scheme was invalidated. The application of Washington state's LFO as a criminal justice sentence for the purposes of § 4A1.1(d) similarly creates two classes of defendants for federal sentencing purposes: those who could afford to pay their state law fines immediately, and those who required a period of time to do so, and is equally infirm.

**6.** Criminal statutes retain their own statutory maximums and judges have the authority in limited circumstances to depart from the Guidelines. *See* U.S.S.G. § 5K2.0, p.s.; 18 U.S.C. § 3553(b). Moreover, if the statutory maximum is less than the Guideline range, the sentence is fixed at the statutory maximum. U.S.S.G. § 5G1.1(a); *United States v. Bos,* 917 F.2d 1178, 1183 (9th Cir. 1990).