145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dean DAHMAN, Defendant-Appellant.
 No. 97-16270.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the District of Hawaii.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 EZRA, J. Presiding
 
 
 1
 Dean Dahman claims that the district court erred by denying his § 2255 motion to vacate his conviction and sentence for bank robbery. Dahman argues that, in light of our decision in United States v. Parks, 89 F.3d 570 (9th Cir.1996), his failure to pay restitution and costs pursuant to an Arkansas state conviction was an improper basis upon which to add two criminal history points under U.S.S.G. § 4A1.1(d) for being under a criminal justice sentence. Because he did not challenge the district court's two point criminal history assessment based on his non-payment of restitution and costs in Arkansas either at sentencing or on direct appeal, Dahman must "demonstrate (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the error of which he complains in order to assert the challenge in a § 2255 petition. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985) (internal citation omitted). Dahman does not show cause for his failure to raise his due process and equal protection claims either at sentencing or on direct appeal.
 
 
 2
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4