**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Duane J. WEAVER, Defendant—Appellant.**

**No. 00–30089.**
**D.C. No. CR–99–5497–JET.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2001.

Decided Feb. 16, 2001.

---

Before RYMER, THOMAS, and MCKEOWN, Circuit Judges.

MEMORANDUM *

■ Duane J. Weaver appeals from his sentence. We have jurisdiction under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291, and we review the district court's interpretation of the Sentencing Guidelines de novo. *See United States v. Kakatin,* 214 F.3d 1049, 1051 (9th Cir.2000). We affirm.

■ Weaver first argues that the two-point enhancement under U.S.S.G. § 4A1.1(d) violates due process because he was placed on inactive probation and was effectively unsupervised after 1987. However, active supervision is not required for § 4A1.1(d) to apply. *See* U.S.S.G. § 4A1.1(d), Application Note 4 ("active supervision is not required for this item to apply."); *see also United States v. McCrudden,* 894 F.2d 338, 339 (9th Cir. 1990) ("The non-supervisory status of a sentence of probation does not exempt it from section 4A1.1(d).") Weaver remained under the jurisdiction of the court and was still under a criminal justice sentence when the scheme to defraud began in June, 1992.

■ Weaver also argues that to apply § 4A.1.1(d) without finding that he willfully failed to make restitution payments violates due process under *United States v. Parks,* 89 F.3d 570 (9th Cir.1996). Unlike *Parks,* Weaver was not under a sentence of legal financial obligation when he committed this offense. He had been sentenced to probation and a 10–year deferred sentence, and as part of the same sentence was ordered to make restitution within his ability to pay.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.