**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro ALEJANDRE–ALCARAZ,
Defendant–Appellant.**

**No. 08–50064.**

United States Court of Appeals,
Ninth Circuit.

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

Submitted June 16, 2009.*

Filed June 30, 2009.

Andrew George Schopler, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy Robert Garrison, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Pedro Alejandre–Alcaraz appeals from the 10–month term of imprisonment and three-year term of supervised release imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As a preliminary matter, we decline the government's request to dismiss this appeal for failure to timely serve the Opening Brief because we previously granted Alejandre–Alcaraz's motion for an extension of time. *See* 9th Cir. R. 31–2.2.

Alejandre–Alcaraz contends that the statutory maximum sentence for a § 1326 violation is two years of custody and one year of supervised release. As Alejandre–Alcaraz acknowledges, this contention is foreclosed. *See United States v. Covian–*

*Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir. 2006).

Alejandre–Alcaraz also contends that the district court violated his due process rights and miscalculated his Criminal History Category by assessing two criminal history points, pursuant to U.S.S.G. § 4A1.1(d), for committing the instant offense while a probation violation warrant was outstanding, without making a finding that he had willfully failed to pay the debt underlying the violation. We conclude that imposition of the two additional criminal history points, on the record before us and without a finding of willful failure to pay, was reversible plain error. *See United States v. Parks,* 89 F.3d 570, 572–73 (9th Cir.1996); *see also United States v. Mejia,* 559 F.3d 1113, 1116 (9th Cir.2009).

However, Alejandre–Alcaraz has been deported, and unless he returns to the United States, he cannot be resentenced because he cannot be present for sentencing or be afforded allocution, as required by Rules 32 and 43(a) of the Federal Rules of Criminal Procedure. In view of this circumstance, we affirm the sentence imposed by the district court, but do so without prejudice to an application by Alejandre–Alcaraz to the district court to vacate his sentence and resentence him consistent with this disposition at such time, if ever, he is in this country and available for resentencing. *See United States v. Plancarte-Alvarez,* 366 F.3d 1058, 1065 (9th Cir.2004).

**AFFIRMED.**

---

*See Minasyan v. Gonzales,* 401 F.3d 1069, 1076 n. 11 (9th Cir.2005). The parties agree that the repeal does not affect this case.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.