**Reversed and Remanded and Majority and Concurring Opinions filed March 28, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00631-CR

### LATORA BRIMZY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1604631**

## MAJORITY OPINION

In this opinion, we address an issue of first impression in our court and an issue on which other courts of appeals have split. Specifically, we address whether Texas Code of Criminal Procedure article 42A.751(i) requires the State in a community supervision revocation hearing to prove that the defendant was able to pay a supervision fee when failure to pay such fee was the sole ground found by the trial court in support of revocation regardless of whether the State alleged other

grounds. For the reasons stated herein, we join the other courts of appeals that have held that the State is required to prove the defendant's ability to pay whenever failure to pay a supervision fee was the sole ground supporting revocation. Moreover, because the State did not prove ability to pay in this case, we reverse the trial court's order revoking appellant's community supervision and adjudicating appellant's guilt and remand the case to the trial court for further proceedings consistent with this opinion.

## *Background*

Appellant Latora Brimzy was originally charged with aggravated assault on a family member. Pursuant to an agreement with the State, she pleaded guilty to the lesser offense of misdemeanor assault on a family member and received one year deferred adjudication community supervision. The trial court subsequently extended the community supervision period by one year.

The State filed a motion to adjudicate guilt alleging a total of eight violations of appellant's conditions for community supervision, including that she failed to pay her monthly supervision fee and was $660 in arrears, had committed a new offense, and had failed to participate in anger management training. Appellant pleaded not true to each of the allegations. At the start of the hearing on the motion, the State abandoned the new offense allegation and proceeded on the remaining seven grounds.

At the conclusion of the hearing, the trial court stated, "I find by a preponderance of the evidence that the State has proven at least some of these allegations in this matter." In the order granting revocation, however, the trial court specifically listed only appellant's failure to pay her supervision fees as grounds for revocation. When a discrepancy exists between the trial court's oral pronouncement and its written order regarding the grounds supporting revocation

2

of community supervision, the written order controls. *See, e.g.*, *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *Simon v. State*, No. 14-18-00978-CR, 2020 WL 1528107, at *5 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, no pet.) (mem. op.) (not designated for publication). The trial court adjudicated appellant's guilt and sentenced her to one year in jail.

In two issues, appellant contends that the trial court (1) abused its discretion by revoking her community supervision in the absence of evidence (as required by article 42A.751(i)) establishing that she had the ability to pay the supervision fees, and (2) violated the Fourteenth Amendment to the United States Constitution when it ordered her incarcerated for failing to pay the fees without inquiring into her ability to pay the fees. U.S. Const. amend. XIV; Tex. Code Crim. Proc. art. 42A.751(i).

## *Discussion*

## I. Standards of Review

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). The trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the alleged violations of the conditions of community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). We view the evidence in the light most favorable to the trial court's order. *Guerrero v. State*, 554 S.W.3d 268, 273–74 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The trial court is the sole trier of fact and determines the credibility of witnesses and the weight to be given to their testimony in revocation hearings. *Id*. The trial court abuses its discretion in issuing a revocation order when the State fails to meet its burden of proving by a preponderance of the evidence that appellant violated a condition. *Cardona v. State*, 665 S.W.2d 492,

3

493–94 (Tex. Crim. App. 1984).

In construing a statute, as we are required to do in this case, we give effect to its literal text unless the meaning of the statute is ambiguous or the plain meaning would lead to absurd results that the legislature could not have intended. *Chiarini v. State*, 442 S.W.3d 318, 320 (Tex. Crim. App. 2014). If the statute is ambiguous or its plain meaning would lead to absurd results, we may consider extratextual factors, including legislative history, the object sought to be obtained, common law or former statutory provisions, and the consequences of a particular construction. *Id*.

## II. Governing Law

Three sources of Texas law have addressed the permissibility of revocation when a defendant is unable to pay amounts due as a result of an imposition of community supervision or probation—the United States Constitution, Texas statutes, and Texas common law. *Gipson v. State*, 383 S.W.3d 152, 156 (Tex. Crim. App. 2012). Regarding the first source, according to the United States Supreme Court, revocation of community supervision for failure to pay a monetary requirement when a defendant is unable to pay, without considering other alternatives to imprisonment, denies due process of law. *See Bearden v. Georgia*, 461 U.S. 660, 665, 672 (1983) (referencing specifically fines and restitution); *see also Jones v. Governor of Fla.*, 950 F.3d 795, 800, 819 (11th Cir. 2020) (reading *Bearden* as applying to all legal financial obligations imposed as conditions); *United States v. Parks*, 89 F.3d 570, 572 (9th Cir. 1996) (reading *Bearden* as applying to costs); *Alexander v. Johnson*, 742 F.2d 117, 124 (4th Cir. 1984) (reading *Bearden* as applying to "any monetary requirement of [a defendant's] probation or restitution"). Thus, before revocation based on a failure to pay, a court must (1) inquire as to a defendant's ability to pay and (2) consider alternatives to

4

imprisonment if it finds that a defendant is unable to pay a monetary requirement imposed as a condition of probation. *See Bearden*, 461 U.S. at 672. Although appellant raises a *Bearden* challenge in her second issue, she failed to preserve this issue by raising it in the court below. *See Cazarez v. State*, 606 S.W.3d 549, 560–61 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Lombardo v. State*, 524 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Gipson v. State*, 428 S.W.3d 107, 110–11 (Tex. Crim. App. 2014) (Alcala, J., concurring); *see generally Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009) (explaining that constitutional due process rights may be forfeited if not preserved by objection in the trial court).

Regarding the third source, it is unclear whether the Texas common law requirement that the State must show a defendant was able to pay and her failure to do so was intentional survived the passage of relevant statutes. *See Gipson*, 428 S.W.3d at 117 & n.8; *Martinez v. State*, 563 S.W.3d 503, 512 (Tex. App.—Corpus Christi 2018, no pet.). Regardless, appellant did not raise a common law complaint below and does not raise one in this appeal, so we will not address the issue. *See* Tex. R. App. P. 33.1(a); 38.1(f), (i).

The second source, and the one squarely at issue here, is Texas Code of Criminal Procedure article 42A.751(i), which provides,

> In a revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs or by failing to pay the costs of legal services[], the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

Tex. Code Crim. Proc. art. 42A.751(i).

For our purposes, it is most important to note that the statute states that it

applies when a failure to pay is the only violation alleged for revocation, which brings us to the question on which courts of appeals have split—does the statute apply when the State raised other grounds for revocation beyond a failure to pay in its motion and at the hearing but the trial court only affirmatively found a failure to pay as grounds for revocation? Because this issue effectively challenges the sufficiency of the evidence to support the revocation of community supervision, it did not have to be preserved in the trial court. *See, e.g.*, *Gipson*, 428 S.W.3d at 110 (citing *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012), and *Gipson v. State*, 395 S.W.3d 910, 914–15 (Tex. App.—Beaumont 2013), *rev'd on other grounds*, 428 S.W.3d 107)).

### III. A Little History

As indicated above, before passage of relevant legislation in 1977, Texas common law clearly required the State to prove that a defendant had the ability to pay monetary requirements for community supervision and that the failure to do so was intentional. *See Gipson*, 428 S.W.3d at 117 & n.8; *Martinez*, 563 S.W.3d at 512; *see also Jones v. State*, 589 S.W.2d 419, 420 (Tex. Crim. App. 1979) ("Until recently, it was necessary for the State to prove, when revoking probation for failure to pay fees, that the probationer had the ability to make the payments and that his failure to make them was intentional."). That changed in 1977 with the passage of amendments to Code of Criminal Procedure article 42.12, which transformed the inability to pay certain monetary requirements into an affirmative defense that the defendant had to raise and prove by a preponderance of the evidence. Tex. Code Crim. Proc. art. 42.12, 8(c) (repealed, see now Tex. Code Crim. Proc. art. 42A.751(i)). In thus flipping the burden on ability to pay from the State to the defendant, the legislature stated that the affirmative defense applied "[i]n a probation revocation hearing at which it is alleged *only* that the probationer

6

violated the conditions of probation by failing to pay." *Id*. (emphasis added).[1]

When a defendant subsequently challenged the revocation of his probation in *Stanfield v. State*, the question arose as to whether the defendant or the State had the burden regarding whether the defendant had the ability to pay his monthly probation fees. The State had alleged, and the trial court found, two grounds for revocation, but as stated above, article 42.12, section 8(c) stated that it applied "[i]n a probation revocation hearing at which it is alleged *only* that the probationer failed to pay." The court of appeals held that because the State asserted two grounds for revocation and not just the failure to pay, article 42.12, section 8(c) did not apply and the common law rule required the State to prove defendant's ability to pay. *Stanfield v. State*, 638 S.W.2d 127, 129 (Tex. App.—Fort Worth 1982). The Court of Criminal Appeals, however, reversed, holding instead that the statute applied despite its use of the word "only" and the defendant therefore had the burden to prove his inability to pay as an affirmative defense. *Stanfield v. State*, 718 S.W.2d 734, 735 (Tex. Crim. App. 1986). Calling on grammatical reference works and legislative history, the Court deemed the court of appeals' interpretation of the statute an "irrational construction" that would lead to "quirky circumstances" that the Court did not believe the legislature would have intended. *Id*. at 736–37. The Court further noted that the word "only" is "an often misused adverb" that is subject to several potential meanings, including "at the very least." *Id*. at 736 n.3, 737. The Court concluded that the statute applied whether or not another ground for revocation is raised in addition to a failure to pay. *Id*. at 737.

---

[1] The legislature actually passed two amendments to article 42.12 in 1977, one with the word "only" and one without. Acts 1977, 65th Leg., ch. 342 § 2, effective Aug. 29, 1977; Acts 1977, 65th Leg., ch. 388 § 2, effective Aug. 29, 1977; *see also Stanfield v. State*, 718 S.W.2d 734, 735 (Tex. Crim. App. 1986); *Jones*, 589 S.W.2d at 420. Subsequently, in 1981, the legislature combined the two versions, retaining the word "only." Acts 1981, 67th Leg., ch. 538, § 2, effective June 12, 1981; *see also Stanfield*, 718 S.W.2d at 736 n.2.

In 2007, along with other statutory changes not relevant here, the legislature again amended article 42.12 to shift the burden of proof on ability to pay back to the State. *See* Tex. Code Crim. Proc. 42.12 § 21(c) (repealed, see now Tex. Code Crim. Proc. art. 42A.751(i)); Acts 2007, 80th Leg., R.S., ch. 604 (H.B. 312), § 1, effective Sept. 1, 2007; *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012). As noted, this version would ultimately be recodified into the present statutory scheme as article 42A.751(i), the provision at issue in this case, as part of a non-substantive revision of community supervision laws. *See* Act of May 26, 2015, 84th Leg., R.S. ch. 770 §§ 1.01, 3.01, 4.01–.02; *Martinez*, 563 S.W.3d at 513 n.10.

In proposing the 2007 statutory change, the bill's sponsor explained that the amendment aimed to "conform[] the statute to the requirements of the Due Process Clause as interpreted by the United States Supreme Court in *Bearden v. Georgia*." Senate Research Center, Bill Analysis, Tex. H.B. 312, 80th Leg., R.S. (May 5, 2007). The sponsor further explained that *Bearden* stood for the proposition that nonpayment as a ground for revocation must "reflect an unwillingness of the probationer to make efforts to pay, not inability," and that the amendment "allows consistency with current court opinions by providing that during a community supervision revocation hearing, the state must prove by a preponderance of the evidence that the defendant was able to pay but did not pay as ordered by the judge." *Id.*; *see also* House Research Organization, Bill Analysis, Tex. H.B. 312, 80th Leg., R.S. (Apr. 30, 2007) (describing intent of bill without suggesting it was limited to when failure to pay was the only allegation).

## IV. Other Courts

As mentioned, there is a split among the courts of appeals regarding whether article 42A.751(i) requires the State in a community supervision revocation

hearing to prove that the defendant was able to pay a supervision fee when failure to pay such fee was the sole ground found by the trial court in support of revocation but the State alleged other grounds for revocation. Most courts that have addressed the issue have held that pursuant to article 42A.751(i), the State has the burden to prove ability to pay under such circumstances. *See, e.g., Scales v. State*, 658 S.W.3d 366, 372–73 (Tex. App.—Corpus Christi 2022, no pet.) (holding that interpreting the statute otherwise would lead to absurd results and consulting legislative history in concluding that the legislature did not intend to allow the State to avoid its burden simply by alleging additional grounds for revocation); *Brown v. State*, 354 S.W.3d 518, 520 n.3 (Tex. App.—Fort Worth 2011, pet. ref'd) (citing *Stanfield* and concluding that "[t]he legislature's use of the word 'only' in the statute is not intended to lift the requirement that the State prove that the probationer was able to pay and did not pay as ordered by the judge when the State includes additional allegations of nonmonetary community supervision violations"); *Lively v. State*, 338 S.W.3d 140, 144–45 (Tex. App.—Texarkana 2011, no pet.) (citing legislative history and noting that article 42.037 already requires courts to consider a defendant's finances when revoking probation based on nonpayment of reparations and restitution). At least one court has held in an unpublished opinion that article 42A.751(i) does not require the State to prove inability to pay unless failure to pay was the only ground for revocation raised by the State. *Rushing v. State*, No. 12-21-00052-CR, 2022 WL 868715, at *3 (Tex. App.—Tyler Mar. 23, 2022, no pet.) (mem. op., not designated for publication) (asserting without analysis that the interpretation did not lead to an absurd result).[2]

---

[2] We further note that other courts, including our own, have stated generally in dicta that article 42A.751(i) applies only when a defendant's failure to pay fees or costs is the sole basis for revocation alleged. *See, e.g.*, *Davis v. State*, 591 S.W.3d 183, 193 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *Beard v. State*, No. 14-15-00606-CR, 2016 WL 4533414, at *5 (Tex. App.—Houston [14th Dist.] Aug. 30, 2016, no pet.) (mem. op., not designated for publication)

Additionally, a Court of Criminal Appeals justice has also questioned whether the statute requires the State to prove inability to pay when failure to pay was not the only ground for revocation alleged. *See Gipson*, 428 S.W.3d at 112–13 (Johnson, J., concurring). In doing so, Justice Johnson asserted that his interpretation of the statute was not absurd because "[t]he state is permitted to drop other allegations in exchange for a defendant's plea of 'true' to the allegation that he failed to make payments" and "[s]uch an agreement conserves . . . resources by narrowing the scope of a hearing and benefits the defendant by limiting his exposure to additional allegations." *Id*. Justice Johnson does not explain, however, why the existence of plea bargaining salvages his construction of the statute. If a defendant agreed to plead true to an allegation that she failed to make payments, there is no reason she could not also plead true or otherwise judicially admit that the failure to pay was intentional and not due to an inability to pay, thus preserving the ability to readily plea bargain even in light of the requirements of article 42A.751(i). *Cf. Davis v. State*, 591 S.W.3d 183, 193 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

## V. Our Conclusion

Today, we join the courts of appeals that have squarely held that article 42A.751(i) requires the State to prove the defendant's ability to pay whenever failure to pay was the sole ground supporting revocation whether or not the State alleged other grounds for revocation. *See, e.g., Scales*, 658 S.W.3d at 372–73; *Lively*, 338 S.W.3d at 144–45. We come to this conclusion based primarily on the Court of Criminal Appeals guidance in *Stanfield*, the legislative history of amendments to the statute, and the fact that to interpret the statute otherwise would lead to absurd results. *See Stanfield*, 718 S.W.2d 736–37; House Comm. On Crim.

(discussing predecessor statute).

Juris., Bill Analysis, Tex. H.B. 312, 80th Leg., R.S. (2007). As discussed, the legislature's intent in amending the statute was to conform Texas statutory law to the constitutional precedent set forth in *Bearden*, which held that revocation of community supervision for failure to pay a monetary requirement when a defendant is unable to pay, without considering other alternatives to imprisonment, denies due process of law. 461 U.S. at 665, 672. We can discern no reason why the legislature would want to restrict the statute to apply only when failure to pay was the only ground alleged for revocation. If that were the legislative intent, it would permit the State to avoid application of the statute by simply alleging an additional ground, whether such additional ground had merit or not. Moreover, we presume that the legislature was aware of the construction of the statute in *Stanfield* when it subsequently flipped the burden on ability to pay costs to the State but effectively did not change the manner in which the word "only" is used in the statute. *See Miller v. State*, 33 S.W.3d 257, 260 (Tex. Crim. App. 2000). If the legislature disagreed with the *Stanfield* interpretation, it would have chosen a different wording.

## VI.  Sufficiency of the Evidence

Turning now to the sufficiency of the evidence in this case regarding whether appellant had the ability to pay her community supervision fees, the nonpayment of which was the only ground found by the trial court to support revocation, we note that the State actually made no attempt to demonstrate her ability to pay the fees. Indeed, other than the fact appellant filed a pauper's oath, was therefore appointed counsel, and was apparently in jail on another offense at the time her community supervision was revoked, the record contains little information regarding appellant's finances. No evidence relevant to the issue was offered during the revocation hearing.

11

Because the evidence was insufficient to support the only ground that the trial court found in support of revocation, the trial court abused its discretion in revoking appellant's community supervision. *See Hacker*, 389 S.W.3d at 865; *Leonard*, 385 S.W.3d at 576. Accordingly, we sustain appellant's first issue.

We reverse the trial court's order revoking appellant's community supervision and adjudicating appellant's guilt and remand the case to the trial court for further proceedings consistent with this opinion.


/s/    Frances Bourliot
Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan. (Christopher, C.J., concurring).
Publish — TEX. R. APP. P. 47.2(b).