

# NUMBER 13-24-00246-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**BRANDON MICHAEL STOCKWELL,** <span style="float:right">**Appellant,**</span>

**v.**

**THE STATE OF TEXAS,** <span style="float:right">**Appellee.**</span>

---

## ON APPEAL FROM THE 235TH DISTRICT COURT
## OF COOKE COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron
Memorandum Opinion by Justice Silva**

Appellant Brandon Michael Stockwell appeals a judgment revoking his community supervision and adjudicating him guilty of possession of a controlled substance penalty group 1, in an amount less than one gram, a state jail felony. [1] *See* TEX. HEALTH & SAFETY

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

1

CODE ANN. § 481.115(b). By two issues, which we construe as three, Stockwell argues (1) the trial court erred by failing to provide court-appointed counsel during his motion to suppress hearing, (2) the trial court abused its discretion in revoking his community supervision, and (3) the trial court assessed a disproportionally unconstitutional sentence. *See* U.S. CONST. amends. IV, VIII, XIV; TEX. PENAL CODE ANN. § 37.09. We dismiss for want of jurisdiction in part and affirm in part.

## I.  BACKGROUND

On September 30, 2021, Stockwell was indicted for possession of a controlled substance of less than one gram of methamphetamine. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). On November 10, 2022, Stockwell appeared before the trial court to enter his plea of guilty and the following colloquy transpired:

THE COURT: Okay. So I went ahead and appointed you a court-appointed attorney. You're going to have to pay those funds back.

[STOCKWELL]: Yes.

THE COURT: We had a pretrial hearing on a motion to suppress, and that was denied. And Mr. Biswas, as he pointed out earlier this afternoon, you wanted me to—you wanted to appeal that motion to suppress, and Mr. Biswas said he did not do appeals and asked me to appoint another attorney to do an appeal.

And the reason I bring up your 2.4 million and your 11.1 million is that I don't believe that you are indigent. You were able to come up with funds to make a hundred thousand dollars in bonds in August. You have what you say at one time was $2.4 million in assets, and are managing $11 million in assets, so I don't believe that you're indigent. So if you

2

were to decide to appeal my ruling on the motion to suppress, you are not indigent and you were not . . . entitled to a court-appointed attorney on that appeal of the motion to suppress.

And further, my position is that I did appoint you one attorney, even though I don't believe at the time that you met the qualifications for being indigent. I believe that I appointed you one attorney. I don't believe I'm required to appoint you two attorneys—much less two attorneys, particularly with the assets that you have available to you, so—but today y'all reached a plea bargain agreement.

And you understand by reaching this plea bargain agreement, you are waiving your right to appeal not only this case, but that pretrial ruling on the motion to suppress?

[STOCKWELL]:                    Yes, Your Honor, I understand that.

THE COURT:                      You understand that totally?

[STOCKWELL]:                    Yes.

THE COURT:                      Okay. I just want to make that clear.

The trial court admonished Stockwell as to the punishment range, and Stockwell affirmatively indicated he understood. The trial court thereafter accepted Stockwell's guilty plea as indicted, deferred a finding of guilt, and placed him on deferred adjudication community supervision for a period of twelve months. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101(a).

As part of his guilty plea proceeding, Stockwell signed a "Plea of Guilty, Admonishments, Voluntary Statements, Waivers, Stipulation & Judicial Confession." The "Waivers" section of that document expressed the following: "After consulting with my

3

attorney, I freely, knowingly, and voluntarily: . . . . WITHDRAW my pretrial motions and WAIVE my right to appeal." Stockwell provided his handwritten signature under the following paragraph:

> I can read and write the English language; I have read this entire document and discussed it fully with my attorney. I understand this document completely, including the Court's admonishments, and I am aware of the consequences of my plea. My attorney has discussed with me the law and facts applicable to this case, and I am satisfied that I have been effectively represented. I understand if an appeal is made, written Notice of Appeal must be filed within 30 days of the sentencing date.

Within the same document, Stockwell's trial counsel provided his handwritten signature under the following paragraph:

> I hereby join, consent to, and approve of, the waiver of jury trial pursuant to Art. 1. 13, C[ode of] C[riminal] P[rocedure], and the stipulations of evidence pursuant to Art. 1.15, C[ode of] C[riminal] P[rocedure]. In addition, I hereby advise the Court that I have fully consulted with the defendant and have carefully reviewed with him/her this entire document. I believe s/he is mentally competent, understands the admonishments, is aware of the consequences of the plea, and is freely, voluntarily, knowingly, and intelligently entering his/her plea of guilty, waiver, stipulation, and judicial confession. I hereby waive my right to 10 days to prepare after my appointment, with the defendant's consent.

On March 20, 2024, the State filed an amended motion to revoke Stockwell's community supervision and adjudicate guilt. The State alleged that Stockwell violated the terms of his community supervision by using methamphetamine, consuming alcohol, failing to report to his community supervision officer, failing to provide proof of employment, failing to notify his community supervision officer of his change of address, failing to participate in community service, and failing to pay court costs and fees.

At a hearing on the State's amended motion on April 1, 2024, appellant entered pleas of not true to the allegations, and the State proceeded to call Stockwell's community supervision officer, Scott Wolf. Wolf testified regarding the numerous violations alleged in

4

the State's motion. Thereafter, Stockwell testified on his own behalf. The trial court found all the allegations but one to be true, revoked Stockwell's community supervision, adjudicated him guilty, and sentenced him to two years' confinement in the Texas Department of Criminal Justice Correctional Institutional Division. This appeal followed.

## II.    COURT-APPOINTED COUNSEL FOR MOTION TO SUPPRESS HEARING

In his first issue, Stockwell argues that the trial court erred by not providing him a court-appointed attorney during his motion to suppress hearing.

Although the trial court's docket sheet indicates that Stockwell filed a motion to suppress on July 29, 2022, the appellate record does not contain the motion, nor a transcript of the hearing. The docket sheet also indicates that the trial court signed an order regarding the motion to suppress on October 24, 2022. That order is also not part of the appellate record, though the trial court indicated during Stockwell's guilty plea proceeding that it denied his suppression motion.

Texas Rule of Appellate Procedure 25.2 grants defendants who plead guilty as part of a plea bargain the right to appeal pretrial motions. *See* TEX. R. APP. P. 25.2 (a)(2)(A). "[H]owever, . . . a defendant may waive this right, as long as the waiver is made 'voluntarily, knowingly, and intelligently.'" *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (quoting TEX. CODE CRIM. PROC. ANN. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law.")); s*ee also Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). By signing the November 10, 2022 "Plea of Guilty, Admonishments, Voluntary Statements, Waivers, Stipulation & Judicial Confession," Stockwell expressly withdrew his pretrial motions—including his motion to suppress—and waived his right to appeal them. Furthermore, the

5

transcript of Stockwell's guilty plea proceeding demonstrates that Stockwell informed the trial court that he understood that by entering into the plea bargain agreement, he was waiving his right to appeal the trial court's ruling on his pretrial motion to suppress. In addition, the trial court's order of deferred adjudication entered on the same day expressly includes the following "special findings or orders": "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." Because Stockwell validly waived his right to appeal the trial court's order regarding his motion to suppress, we lack jurisdiction to consider Stockwell's first issue. *See* TEX R. APP. P. 43.2; *Marsh*, 444 S.W.3d at 660; *see also Diaz v. State*, No. 02-17-00003-CR, 2018 WL 359958, at *2 (Tex. App.—Fort Worth Jan. 11, 2018, no pet.) (mem. op., not designated for publication) (affirming the judgment and dismissing non-appealable issues for want of jurisdiction).

### III. VIOLATIONS OF CONDITIONS OF COMMUNITY SUPERVISION

### A. Standard of Review and Applicable Law

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision. *Bryant*, 391 S.W.3d at 93; *Rickels*, 202 S.W.3d at 763–66. The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). "If the State fails to meet its burden of proof, . . . the trial court abuses its

discretion in revoking the community supervision." *Applin v. State*, 341 S.W.3d 528, 534 (Tex. App.—Fort Worth 2011, no pet.) (citing *Cardona*, 665 S.W.2d at 493–94).

It has long been held that one sufficient ground will support the trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). To prevail on appeal, an appellant must successfully challenge all findings that support the revocation order. *Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.). When the trial court finds several violations, we will affirm a revocation order if the State proved any one of them by a preponderance of the evidence. *See Smith*, 286 S.W.3d at 342.

## B.    Analysis

Sufficient evidence shows that Stockwell violated the condition that required him to report to the probation department. Within the record is a copy of the terms of Stockwell's community supervision, which required him to, among other things, "[r]eport to the Cooke County Community Supervision and Corrections Department and/or to the Community Supervision and Corrections Department in the county where you reside between the 1st and the 10th day of each month during the term of your Community Supervision or as directed by your Community Supervision Officer." Stockwell's handwritten signature appears at the bottom of the document. Wolf testified that Stockwell had not fulfilled his reporting requirement by failing to report in February, March, April, May, June, October, and November of 2023. In addition, Stockwell admitted that he did not report to the probation department in March, May, June, October, and November of 2023. Based on this record, we conclude that the State carried its burden to prove that Stockwell failed to report as required. *See Bryant*, 391 S.W.3d at 93; *Rickels*, 202 S.W.3d

7

at 763–66. Because the finding of failure to report is sufficient to support the revocation of Stockwell's community supervision, we decline to address Stockwell's other challenges to the trial court's finding of true regarding the other violations of the conditions of his community supervision. *See* TEX. R. APP. P. 47.1. ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *see also Smith*, 286 S.W.3d at 342. Stockwell's second issue is overruled.

## IV. EXCESSIVE PUNISHMENT

In his third issue, Stockwell contends that his two-year sentence is excessive and in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. VIII, XIV.

"Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006). An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *see also Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (acknowledging that the Eighth Amendment is applicable

8

to the states by virtue of the Fourteenth Amendment (citing *Robinson v. California*, 370 U.S. 660, 666–67 (1962))). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd).

To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *Graham v. Florida*, 560 U.S. 48, 60 (2010); *see also McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992) (noting that the Supreme Court's holding in *Harmelin*, 501 U.S. 957, (1991) modified the gross-disproportionality test previously set out in *Solem v. Helm*, 463 U.S. 277 (1983)). In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Graham*, 560 U.S. at 60. If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual. *Id.*

However, in order to preserve for appellate review a complaint that a sentence is grossly disproportionate or cruel and unusual, a defendant must present to the trial court a "timely request, objection, or motion" stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (concluding that to preserve a disproportionate-sentencing

complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *see also Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *Brackens v. State*, No. 13-20-00286-CR, 2021 WL 1567508, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 22, 2021, pet. ref'd) (mem. op., not designated for publication) (same).

At no time prior to this appeal did Stockwell argue that the sentence imposed was disproportionate to the offense charged or in violation of his constitutional rights. Accordingly, Stockwell failed to preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a); *Smith*, 721 S.W.2d at 855; *Toledo*, 519 S.W.3d at 284. And even if Stockwell had preserved this complaint, Stockwell's two-year sentence falls within the statutory range for the offense of conviction and the record lacks any probative evidence as to whether Stockwell received a grossly disproportionate sentence for that offense in comparison to the sentences received by other offenders in the same jurisdiction and the sentences imposed for the same crime in other jurisdictions. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) ("An offense under Subsection (a) is a state jail felony if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, less than one gram"); TEX. PENAL CODE ANN. § 12.35 (providing that the punishment range for a state jail felony is "confinement . . . for any term of not more than two years or less than 180 days"); *see also Graham*, 560 U.S. at 60. We overrule Stockwell's third issue.

## V.    CONCLUSION

Because this court is without jurisdiction to consider Stockwell's issue relating to the trial court's ruling on his motion to suppress, we dismiss that part of the appeal for want of jurisdiction. Having overruled Stockwell's second and third issues, we affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
31st day of July, 2025.